UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOEL M. FRAZIER,

    Plaintiff,

    v.                                                     CAUSE NO. 3:20-CV-871-DRL-MGG

WILLIAM HYATTE and LYNN IVERS,

    Defendants.

OPINION AND ORDER

Joel M. Frazier, a prisoner without a lawyer, filed suit under 42 U.S.C. § 1983, against Williams Hyatte, the prison warden, and Lynn Ivers, a medical official, alleging he received constitutionally inadequate medical care for wounds on his legs. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Frazier alleges that on September 11, 2020, he was handcuffed, shackled, and sprayed with OC (pepper spray). The shackles were too tight and made his legs start bleeding. Mr. Frazier says that a nurse evaluated him as required following application of OC but ignored his complaints about his legs. He alleges that he told several nurses

that the wounds on his legs were painful and submitted healthcare requests about it but was not seen until he lied about having a medical emergency. He says that by then, his legs were infected and now his legs are scarred because of the delay in treatment.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, to state a claim against a defendant for inadequate medical care, a prisoner must establish that the defendant was somehow personally involved in his care. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) ("[L]awsuits against individuals [under 42 U.S.C. § 1983] require personal involvement in the alleged constitutional deprivation to support a viable claim."). Here, neither defendant is mentioned in the complaint. It is possible that he is suing these two individuals because of their supervisory roles over the prison and the medical staff, respectively. But neither one can be held liable based solely on the actions of their subordinates. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("[T]o be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct."). Accordingly, the complaint does not state a claim against either of the named defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow

Mr. Frazier to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Joel M. Frazier leave to file an amended complaint by **April 19, 2021**; and

(2) CAUTIONS Joel M. Frazier that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the complaint on file does not state a claim.

SO ORDERED.

March 22, 2021 *s/ Damon R. Leichty*
Judge, United States District Court